**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FRIDA SALDIVAR, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:24-cv-07364 |
| | ) | |
| v. | ) | |
| | ) | |
| BLUECREW, LLC and | ) | |
| WESTROCK CONVERTING, LLC d/b/a | ) | Jury Trial Demanded |
| WESTROCK, | ) | |
| | ) | |
| Defendants. | | |

## COMPLAINT

Plaintiff, Frida Saldivar ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Bluecrew, LLC & WestRock Converting, LLC d/b/a Westrock (collectively referred to as "Defendants"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendants pregnancy-based discrimination, pregnancy-based harassment, and retaliation for engaging in a protected activity in violation of Title VII.

2. This lawsuit further arises under the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg et seq. (PWFA) seeking redress for Defendants' failure to accommodate Plaintiff's pregnancy, and for Defendants' retaliation against Plaintiff for engaging in a protected activity under the PWFA.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

4.     Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendants operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

5.     All conditions precedent have been fulfilled or been complied with.

6.     Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibits "A" and "B").

7.     Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "C").

8.     This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

9.     At all times material to the allegations of this Complaint, Plaintiff, Frida Saldivar, resided in Will County, Illinois.

10.     At all times material to the allegations in this Complaint, Defendant Bluecrew, LLC (Bluecrew) is a corporation doing business in and for Will County, Illinois, whose address is 999 Remington Blvd Ste E Bolingbrook, IL, 60440.

11.     At all times relevant, Plaintiff was employed and worked at WestRock Converting, LLC d/b/a Westrock, Inc. (Westrock), located at 365 Crossing Rd Bolingbrook, IL, 60440, which is in Will County, Illinois.

12.     Plaintiff was employed by Defendants as an "employee" within the meaning of 42 U.S.C §2000e(f).

13.     During the applicable limitations period, Defendants have had at least fifteen

2

employees, individually and collectively.

14. During the applicable limitations period, Defendants, individually and collectively, have been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

15. At all relevant times, Bluecrew and Westrock have continuously been under contract for services rendered in Illinois and have continuously been a joint employer in which each Defendant controlled the terms and conditions of Plaintiff's employment.

## BACKGROUND FACTS

16. Defendants were Plaintiff's joint employer.

17. Plaintiff was hired by Defendant Bluecrew, a staffing company, on or around January 16, 2024.

18. Bluecrew placed Plaintiff in a position with Defendant WestRock.

19. Westrock determined Plaintiff's schedule and work assignments, and dictated to Bluecrew the amount of compensation it would pay for Plaintiff's position.

20. On or around April 25, 2024, Plaintiff was unlawfully terminated on the basis of her sex (female) and her pregnancy.

21. Defendants have subjected Plaintiff to different terms and conditions of employment than others not within her protected class and subjected Plaintiff to a hostile work environment on the basis of sex, violating Title VII.

22. At all times material, Plaintiff is female and pregnant and is a member of a protected class because of her sex whom Defendants subjected to different terms and conditions of employment than others not within her protected class.

23. By way of a job placement by Bluecrew, Plaintiff worked at WestRock's

Bolingbrook location.

24. Both Bluecrew and WestRock knew Plaintiff was pregnant when they hired her because she disclosed her pregnancy during the hiring process.

25. Despite limitations related to her pregnancy, there were numerous positions at the plant Plaintiff could perform.

26. However, on or around April 25, 2024, Plaintiff was assigned to work on a line that was responsible for packaging large shampoo bottles.

27. Plaintiff was packing the shampoo bottles into a large box without problem until her team lead (name unknown, male) instructed Plaintiff to carry or push the packed boxes to the end of the line.

28. These boxes had roughly 30 bottles of shampoo in them and were extremely heavy (approximately 50 pounds or more each).

29. Plaintiff told the team lead that the boxes were heavy and informed him of her pregnancy.

30. In response he asked, "did you tell your agency you're pregnant? Because they will tell you if you can stay on the job here."

31. Because of the team lead's comments, Plaintiff was concerned that her job would be in jeopardy if she made a request for accommodations due to her pregnancy, but she communicated her condition and limitations to Defendant.

32. The team lead went and talked to the supervisor, Laura Morialti, and she came to her line and asked if Plaintiff had a problem doing the job.

33. Plaintiff replied, "no, I was just telling him that the boxes are heavy to push and I'm pregnant," which clearly notified Defendants that Plaintiff needed accommodations.

34.     Laura said that if Plaintiff could not perform the job, then Plaintiff needed to go home.

35.     Plaintiff said, "I'm not refusing to do the job and I'm doing it – it's just hard because I'm pregnant and I don't want to get hurt."

36.     The team lead said, "if you can't do the job, you need to let your agency know because this is a job you need to be moving fast for" and snapped his fingers at Plaintiff.

37.     Laura then stated, "if you can't do the job, you need to go home."

38.     They then sent Plaintiff home without engaging in the interactive process to see if Plaintiff could be accommodated, including performing a different job function, change to a different line, or pack the shampoo boxes without pushing them to the end of the line.

39.     Westrock effectively terminated Plaintiff's employment at that time.

40.     After Plaintiff left the Westrock facility, Plaintiff told Bluecrew exactly what had happened and that she had been discriminated against because of her pregnancy.

41.     A Bluecrew employee told Plaintiff, "I'm going to be really honest with you, they're not going to take you back," and then continued by saying Plaintiff could apply for another job placement but would be on a waitlist.

42.     Plaintiff informed the staff member she wanted to file a written report about what happened.

43.     While the employee allowed Plaintiff to do so, they would not give Plaintiff a copy of her complaint.

44.     Further, Bluecrew failed or refused to find Plaintiff a suitable position, effectively terminating her employment without engaging in the interactive process.

45.     Plaintiff met or exceeded Defendants' performance expectations during the entire

duration of her employment.

46.     Plaintiff was unlawfully terminated because of her sex (female) and pregnancy on April 25, 2024.

47.     Plaintiff was retaliated against, and her employment was ultimately terminated for engaging in a protected activity and exercising her protected rights.

48.     Plaintiff reported the sex-based discrimination and harassment to Defendants.

49.     Plaintiff was targeted for termination because of her sex/pregnancy and because she reported sex/pregnancy-based discrimination and harassment.

50.     Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

51.     Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her manager about the harassment.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex/Pregnancy-Based Discrimination)

52.     Plaintiff repeats and re-alleges paragraphs 1-51 as if fully stated herein.

53.     By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based on Plaintiff's sex (pregnancy), in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

54.     Plaintiff met or exceeded performance expectations.

55.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

56.     Defendants terminated Plaintiff's employment on the basis of Plaintiff's sex

(pregnancy).

57.     Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex (pregnancy).

58.     Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

59.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Retaliation)

60.     Plaintiff repeats and re-alleges paragraphs 1-51 as if fully stated herein.

61.     Plaintiff is a member of a protected class under 42 U.S.C. §2000e, *et seq.*

62.     During Plaintiff's employment with Defendants, Plaintiff reasonably complained to Defendants about conduct that constituted sex discrimination and/or sex-based harassment.

63.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendants under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

64.     In response to Plaintiff's complaint, Defendants failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sex discrimination and/or harassment.

65.     Defendants also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

7

66. Plaintiff suffered adverse employment action in retaliation for engaging in a protected activity.

67. By virtue of the foregoing, Defendants retaliated against Plaintiff based on Plaintiff's reporting the sex-based discrimination and/or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

68. Defendants' retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

69. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendants, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## COUNT III
### Violation of the Pregnant Workers Fairness Act
### (Failure to Accommodate)

70. Plaintiff repeats and re-alleges paragraphs 1-51 as if fully stated herein.

71. By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices by failing to accommodate Plaintiff in violation of the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg et seq.

72. Plaintiff is a qualified employee as defined by 42 U.S.C. 2000gg et seq.

73. Defendants were aware of the pregnancy and the need for accommodations.

74. Defendants failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

75. Plaintiff's reasonable accommodations that were requested was not an undue burden on Defendants.

76. Defendants did not accommodate Plaintiff's pregnancy.

77. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex (female) and pregnancy.

78. Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

79. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of the Pregnant Workers Fairness Act
### (Retaliation)

80. Plaintiff repeats and re-alleges paragraphs 1-51 as if fully stated herein.

81. During Plaintiff's employment with Defendants, Plaintiff reported her pregnancy to Defendants and need for accommodations.

82. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendants under the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg et seq.

83. In response to Plaintiff's protected activity, Defendants retaliated against Plaintiff and terminated her employment.

84. Defendants also failed to take necessary precautions to prevent further recurrences of the discriminatory or harassing conduct complained of by Plaintiff.

85. By virtue of the foregoing, Defendants retaliated against Plaintiff based on Plaintiff reporting her pregnancy, thereby violating the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg et seq.

86. Plaintiff suffered an adverse employment action in retaliation for engaging in

protected activity.

87.     Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

88.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendants as follows:

    a.     Back pay with interest;

    b.     Payment of interest on all back pay recoverable;

    c.     Compensatory and punitive damages;

    d.     Reasonable attorneys' fees and costs;

    e.     Award pre-judgment interest if applicable; and

    f.     Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 16th day of August, 2024.

/s/ *Travis P. Lampert*
**TRAVIS P. LAMPERT, ESQ.**
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 581-5456
Fax (630) 575-8188
tlampert@sulaimanlaw.com
*Attorney for Plaintiff*

10